### ONONDAGA COUNTY v. CITY OF AMSTERDAM.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. MUNICIPAL CORPORATIONS (§ 1040*)—ACTIONS—COSTS—PRESENTATION OF CLAIM.

Since Amsterdam City Charter (Laws 1885, c. 131) § 31, providing for the presentation of claims against the city to the city council before suit, does not apply to the claim of a county against the city for the support of a pauper, presentation of such claim under such section was not required in order to entitle the county to costs in an action on the claim against the city, by Code Civ. Proc. § 3245, providing that in an action against a municipal corporation for money only, plaintiff, to recover costs, must have presented his claim before commencing suit to the board of such corporation having power to audit the claim, or to its chief officer within the time specified.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1040.*]

2. MUNICIPAL CORPORATIONS (§ 1040*)—CLAIMS—PRESENTATION—COSTS.

Plaintiff county, having furnished supplies to a pauper belonging in defendant city, the county superintendent served notice on the city overseer of the poor of the relief so furnished that the city was liable for the pauper's support, and requiring the city's overseer to take charge of and remove the pauper and support her, in answer to which the city overseer of the poor served notice on the county superintendent denying all liability of the city for her support. *Held*, that such procedure constituted a sufficient presentation of the county's claim against the city for the support so furnished, within Amsterdam City Charter (Laws 1885, c. 131) § 31, providing for the presentation of claims before suit against the city, if such provision was applicable, to entitle the county to costs in an action against the city on such claim, under Code Civ. Proc. § 3245, providing that costs may not be recovered against a municipal corporation in an action on a claim not properly presented to the city's fiscal authorities.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1040.*]

Appeal from Special Term, Onondaga County.

Action by Onondaga County against the City of Amsterdam. From an order denying defendant's motion for a retaxation of costs, it appeals. Affirmed.

See, also, 64 Misc. Rep. 181, 117 N. Y. Supp. 1121.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Christopher J. Heffernan, for appellant.

Herbert L. Smith, for respondent.

KRUSE, J. To entitle the plaintiff to costs, section 3245 of the Code of Civil Procedure requires, in an action against a municipal corporation, in which his complaint demands a judgment for money only, that he present his claim before the commencement of the action, to the board of such corporation having power to audit the same or to its chief fiscal officer within a time therein stated.

The defendant contends that plaintiff did not present its claim as required by this section, and therefore is not entitled to costs. That question is presented by its appeal from the order denying the motion for a retaxation of costs. The question of the presentation of the plaintiff's claim has been fully discussed upon the appeal from the judgment and the order denying the defendant's motion to dismiss the complaint, decided herewith (124 N. Y. Supp. 558); that if I am right in the conclusion there reached, I think it follows that this order should be affirmed. As there pointed out, the duty of passing upon the liability of the defendant city for the support of the poor person, out of which this controversy arises, was devolved upon the overseer of the poor; and the amount of the claim as well as its justness was for his determination. He denied the liability of the city, and I think if that section applies at all, what was done in asserting that liability against the city and the denial thereof by its overseer of the poor, a sufficient presentation of the claim to entitle the plaintiff to costs.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.